## William Bache et al. v. Nathaniel S. Ward, Executor.

### Gen. No. 4,690.

1. STATUTE OF DESCENT—*section 11 construed.* Where property is left to a class and one of such class dies before the testator leaving issue, such issue stands in the stead of the deceased ancestor; but if such member of such class dies before the testator without issue, the share of such member becomes and is distributed as intestate estate.

2. REVIEW—*what not subject to.* Only those questions which were raised in and presented to the trial court are subject to review on appeal.

Contested claim in court of probate. Appeal from the Circuit Court of Bureau county; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

JULIUS and LESSING ROSENTHAL, for appellants.

HORACE R. BROWN and WATTS R. JOHNSON, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Joseph Ward of Bureau county died July 18, 1903, leaving a last will executed September 30, 1895, which was duly admitted to probate. His son, Nathaniel S. Ward, was executor. The first clause of the will related to debts and funeral expenses, and the thirteenth required his children to pay notes he held against them. By clauses 2 to 10 inclusive, the testator made a devise or a bequest to each of his nine living children. The 11th, 12th and 14th clauses were as follows:

"Eleventh. I give and bequeath unto the three children of my deceased daughter, Mary M. Bache, to wit, William Bache, Joseph Bache and John Bache, the sum of two hundred (200) dollars each absolutely and forever."

"Twelfth. I give and bequeath unto the child of my deceased daughter, Julia A. Criswell, to wit, Charles Criswell, the sum of five hundred (500) dollars absolutely and forever."

"Fourteenth. All the rest, residue and remainder of my property and estate not herein disposed of I give, bequeath and devise absolutely and forever as follows, to wit: One-eleventh (1-11) thereof to said John R. Ward; one-eleventh (1-11) thereof to said Sarah C. White; one-eleventh (1-11) thereof to said Nathaniel S. Ward; one-eleventh (1-11) thereof to said Violet D. Clark; one-eleventh (1-11) thereof to said Minnie L. Clark; one-eleventh (1-11) thereof to said Myrtle S. Warkins; one-eleventh (1-11) thereof to said Milton E. Ward; one-eleventh (1-11) thereof to said Harriet A. Taylor; one-eleventh (1-11) thereof to said William G. Ward; one-eleventh (1-11) thereof to said William, Joseph and John Bache, and one-eleventh (1-11) thereof to said Charles Criswell."

The first nine persons named in said fourteenth

clause were the nine living children of the testator.

John Bache, one of the grandsons named in the 11th and 14th clauses, died without issue about six months before the death of the testator. The will made no provision for that contingency. Section 11 of our Statute of Descent is as follows:

"Sec. 11. Whenever a devisee or legatee in any last will and testament, being a child or grandchild of the testator, shall die before such testator, and no provision shall be made for such contingency, the issue, if any there be, of such devisee· or legatee, shall take the estate devised or bequeathed as the devisee or legatee would have done had he survived the testator, and if there be no such issue at the time of the death of such testator, the estate disposed of by such devise or legacy shall be considered and treated in all respects as intestate estate."

William and Joseph Bache filed objections in the County Court to the final report of the executor, raising questions not involved in the present appeal, and also claiming that they were entitled to the $200 given John Bache by the 11th clause of the will and to the one-third of one-eleventh of the residue given him by the 14th clause. They appealed to the Circuit Court from an adverse decision of the County Court, and their contention being again disallowed, they now appeal to this court. The holdings of the trial courts were, that the shares given John Bache became intestate estate under section 11 of said statute, because he died without issue prior to the death of the testator. The report showed that the residue was personal property only, so that this court has jurisdiction.

Several of the children were each given forty acres of land without qualification. One child was given forty acres, subject to a charge of $1,200. Another child was given a larger tract of land subject to a charge of $900. Two children were given $2.400 each without any land. The will gave the children of testa-

tor's deceased daughter Mrs. Bache, $600 in all, and to the child of his deceased daughter Mrs. Criswell, $500. It not only thus appears that he made an unequal distribution of the bulk of his estate, but it was also proved by oral testimony that the devises of real estate to the several children were not of equal but of different values. So far as relates to the gift of $200 to John Bache by the 11th clause, we find nothing in the will to indicate that it was given to a class, or anything showing any intention of the testator which would interfere with the application thereto of said section 11 of the Statute of Descent, and we are of opinion that the trial courts properly held that said $200 should be distributed as intestate estate.

It is, however, contended that from a consideration of the contents of the will and of the facts above recited and of proof made that the testator left surviving him eleven lines of descent, it clearly appears that the testator intended to give the residue of his estate to his living children and to the issue of his deceased children *per stirpes;* that he intended the children of Mrs. Bache to take as a class, and that, therefore, those of that class who survived the testator took the entire gift to that class; that therefore, under the rules of law governing the construction of wills, all said one-eleventh of the residue passed by the will itself to William and Joseph Bache and hence no occasion arose for the application of section 11 of the Statute of Descent; and also that said statute should not be applied to defeat the intention of the testator, and that the intention of the testator that his descendants should take the residue *per stirpes* being clearly disclosed, the application of the statute would defeat that intention, and should therefore be refused. Our conclusion, however, is that Rudolph v. Rudolph, 207 Ill. 266, must be regarded as decisive in favor of the judgment of the lower courts. In the Rudolph case the testator provided that, after the death of his wife, all his property

should go "to my beloved children, as their absolute property in fee simple, to be equally divided between them." The will did not name the children nor state their number. The testator had had four children while the will was in his hands, but one of his sons died about two years before the death of the testator, leaving children surviving him. It was contended that the devise was to a class, and that by the death of one of that class before the death of the testator, the entire devise passed to the survivors of the class, and that therefore the will disposed of the entire estate to those who survived the testator, and therefore there was no occasion to apply the statute. It was conceded by the court that these contentions were sound, if section 11 of the Statute of Descent did not apply, but it was held that it did apply, and therefore the children of the son who died before the testator took that share to the exclusion of the surviving members of the class. It is therefore clear that, under the principles announced in the Rudolph case, if John Bache had left children surviving him and surviving the testator, they would have taken his one-third of one-eleventh of the residue to the exclusion of the other members of the class to which John Bache belonged. Notwithstanding the ingenious argument of counsel for appellants, we have been unable to discover any satisfactory authority or course of reasoning to support their position that, though the statute would apply to this case if John Bache had left issue, yet it will not apply to this case where he left no issue. The statute applies by its terms to every case where a child or grandchild is made a devisee or legatee in a will, and dies before the testator and no provision has been made for such a contingency. John Bache was a child of the testator; he was named as a legatee in the will; he died before the testator and no provision has been made for that contingency. All the conditions exist which make the statute applicable. How the share given John Bache

by the will shall be distributed under the statute, depends upon whether he left issue which survived the testator. If he did, it goes to that issue. If he did not, it is to be distributed as intestate estate. But the question whether the statute shall be applied in no way depends upon the question whether he left issue surviving. It is also to be presumed that the testator was acquainted with this statute, and intended that it should prevail in case a contingency arose for which he had made no provision in his will. We are of opinion that the trial courts properly treated the share given John Bache as intestate estate.

Appellants argue that they should have been allowed attorney's fees and costs. We do not find that they asked for an allowance for attorney's fees in the courts below, or that said courts were asked to pass upon any such question. We only sit to review the action of the Circuit Court, and the question whether appellants were entitled to an allowance for attorney's fees is not presented by this record. They claimed a larger share of the estate than the executor's final report stated that they were entitled to receive. They were defeated in that contention, and we see no reason why they were not properly adjudged to pay the costs. There was no ambiguity in this will nor in the statute, and this was not a bill to construe the will. If a legatee were allowed attorney's fees whenever he claimed more than he was entitled to receive, a temptation to unnecessary litigation would be presented.

The order of the Circuit Court is affirmed.

*Affirmed.*